IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,670-01






EX PARTE MICHAEL GRINELL FRANKLIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-04-5721A IN THE 286TH DISTRICT COURT


FROM HOCKLEY COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to 40 years' imprisonment. 

 Applicant alleges that trial counsel knew that he wanted to appeal as counsel informed the
trial judge of this fact in open court, but nevertheless failed to perfect the appeal by filing the
required notice of appeal. Further, trial counsel failed to file a motion to withdraw and was therefore
Applicant's attorney of record during the time period when the notice of appeal was supposed to be
filed. He alleges that appellate counsel was not appointed until after the applicable deadline to file
a notice of appeal had passed. Applicant alleges that trial counsel's deficient performance resulted
in an unlawful deprivation of his right to appeal. Applicant has alleged facts that, if true, might
entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984). 

 On November 19, 2008, this Court remanded this application to the trial court so the habeas
record could be supplemented with an affidavit from trial counsel. In response to this Court's order,
trial counsel filed an affidavit explaining that he mailed a letter to Applicant on December 8, 2005,
advising Applicant that he had to file his pro se notice of appeal before December 15, 2005. Counsel
also mailed Applicant the necessary paperwork to perfect the appeal including an affidavit of
indigency, a proposed order on the affidavit of indigency, and a pro se notice of appeal. See Ex
parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). However, the habeas record does not contain
any information as to when Applicant received the letter and paperwork which counsel sent to him. 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall order to General Counsel's Office of the Texas Department of Criminal Justice
to obtain information from the appropriate TDCJ officials regarding the following: (1) whether the
TDCJ's mail log records show that Applicant received any mail from counsel between November
17, 2005, and December 31, 2005; and, if so, (2) the date(s) Applicant received mail from counsel. 

 The trial court shall make findings of fact as to whether the TDCJ's mail log records show
that Applicant received mail from counsel between November 17, 2005, and December 31, 2005,
and, if so, what date(s) Applicant received mail from counsel. The trial judge shall make findings
of fact as to whether counsel informed Applicant about the deadline to file his notice of appeal in
time for him to file a notice of appeal. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: January 14, 2009

Do not publish